UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANKOR ENERGY, LLC, ANKOR E&P
HOLDINGS CORPORATION, AND KNOC
EAGLE FORD CORPORATION,

    *Plaintiffs,*

    v.                                            CIVIL ACTION NO.: 4:24-cv-3552

SANARE ENERGY PARTNERS, LLC,
GREYHOUND ENERGY, LLC, AND
GOMEX FINANCE, LLC,

    *Defendants*

## NOTICE OF REMOVAL

Defendants Sanare Energy Partners, LLC ("Sanare"), Greyhound Energy, LLC ("Greyhound"), and Gomex Finance, LLC ("Gomex") (collectively, "Defendants") hereby remove Harris County District Court, Cause No. 2024-51615 to this Court under 28 U.S.C. §§ 1331, 1441, and 1446. This Court has subject-matter jurisdiction under the "straightforward and broad"[1] jurisdictional provision of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1)(A) ("OCSLA"), because the action arises out of or in connection with a contract concerning the purchase of oil, gas, and mineral leases on the outer Continental Shelf as well as purported obligations for the decommissioning and abandonment of wells, property, and equipment located on the outer Continental Shelf. In support of removal, Defendants provide the following short and plain statement of the grounds for removal:

---

[1] *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014).

## INTRODUCTION

1. This dispute arises from an Offshore Operating Agreement (the "OOA") dated effective December 23, 2011, which purports to govern the operations various oil and gas leases on the Outer-Continental Shelf. The OOA is attached to Plaintiffs' Original Petition as Exhibit 1.

## THE STATE COURT ACTION

2. On August 9, 2024, Plaintiffs Ankor Energy, LLC; Ankor E&P Holdings Corporation and KNOC Eagle Ford Corporation (collectively, the "Plaintiffs") filed an Original Petition for damages and declaratory relief in the 164th Judicial District Court of Harris County, Texas, captioned *Ankor Energy, LLC; Ankor E&P Holdings Corporation and KNOC Eagle Ford Corporation; v. Sanare Energy Partners, LLC, Greyhound Energy, LLC and GOMEX Finance, LLC*, Cause No. 2024-51615. The Verified Petition and its incorporated attachments are attached as Exhibit A. In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule 81, a copy of the state-court docket and all process, pleadings, and orders served on Defendants is attached as Exhibit B.

3. Plaintiffs allege that Sanare breached the OOA by failing to pay certain monthly joint-interest billing statements ("JIBS") associated with operations and decommissioning of wells on the outer Continental Shelf. Plaintiffs also request for legal subrogation to the rights of the United States associated with decommissioning obligations under federal regulations, 30 CFR 250.1701. Finally, plaintiffs have brought claims against Greyhound and Gomex under the Texas Fraudulent Transfer Act, including to purportedly undo certain assignments which have been approved by the federal Bureau of Ocean of Ocean Energy Management, which manages development of the U.S. Outer Continental shelf energy, mineral, and geological resources.

**BASIS FOR REMOVAL**

4. Removal is proper because this Court has original jurisdiction over this action under the OCSLA. *See* 43 U.S.C. § 1349(b)(1)(A); *see also* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed").

5. Subject to exceptions not relevant here, OCSLA grants federal district courts jurisdiction over "cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals[.]" *Id*. "The Fifth Circuit has interpreted this language as straightforward and broad." *Deepwater Horizon*, 745 F.3d at 163.

6. "[C]onsistent with the breadth of the substantive reach of the OCSLA," the Fifth Circuit has found "that Congress intended for the 'judicial power of the United States to be extended to the entire range of legal disputes that it knew would arise relating to resource development on the Outer Continental Shelf.'" *EP Operating Ltd. P'ship v. Placid Oil Co*., 26 F.3d 563, 569 (5th Cir. 1994) (quoting *Laredo Offshore Constructors, Inc. v. Hunt Oil Co*., 754 F.2d 1223, 1228 (5th Cir. 1985)). Because OCLSA jurisdiction "is invested in the district courts by this statute, 'a plaintiff does not need to expressly invoke OCSLA in order for it to apply.'" *Id*. (quoting *Barker v. Hercules Offshore, Inc*., 713 F.3d 208, 213 (5th Cir. 2013) ("we need not traverse the Serbonian Bog of the well pleaded complaint rule because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

7. This action qualifies for OCSLA jurisdiction because it "aris[es] out of, or in connection with . . . any operation conducted on the outer Continental shelf which involves

3

exploration, development or production." 43 U.S.C. § 1349(b)(1)(A). Specifically, this action centers on an Offshore Operating Agreement containing purported obligations for the decommissioning and abandonment of wells, property, and equipment located on submerged lands on the outer Continental Shelf. Such contractual disputes routinely trigger OCSLA jurisdiction. *See, e.g.*, *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1207 (5th Cir. 1988) (finding OCSLA jurisdiction in dispute over contractual take-or-pay rights); *EPL Oil & Gas, LLC v. Trimont Energy (NOW), LLC*, 640 F. Supp. 3d 687, 693 (E.D. Tex. 2022) (finding removal was proper under OCSLA jurisdiction in a breach of contract suit about bonds and decommissioning of wells on the outer Continental Shelf); *Cox Operating, L.L.C. v. Expeditors & Prod. Servs. Co.*, No. 21-728, 2021 WL 2853060, at *3 (E.D. La. July 8, 2021) (finding OCSLA jurisdiction in breach of-contract action involving liens against operating interests on the outer Continental Shelf); *Total E&P USA, Inc. v. Marubeeni Oil & Gas USA, Inc.*, 2016 WL 6037242, *2-3 (S.D. Tex. Oct. 14, 2016) (finding OCSLA jurisdiction in action seeking declaration of the parties' rights and obligations with regard to the decommissioning of wells located in the Outer Continental Shelf); *Nat'l Fishing Tools, Inc. v. Galaxy Wireline, Inc.*, No. CIV. A. 89-3811, 1989 WL 132802, at *3 (E.D. La. Oct. 31, 1989) (A dispute arising out of contracts to plug wells and remove a platform on the OCS is governed by OSCLA). The nature of this case, the parties' OOA, and the location of the underlying wells satisfies the "broad" and simple "but-for" test established by the Fifth Circuit, which demonstrates that removal is proper. *See Deepwater Horizon*, 745 F.3d at 163; *Hercules Offshore, Inc.*, 713 F.3d at 213.

8.     To the extent required, the Court further has supplemental jurisdiction over Plaintiffs' claims against Greyhound and/or Gomex pursuant to 28 U.S.C. § 1367(a). Plaintiffs'

claims against Greyhound and/or Gomex are derived from, and are dependent upon the success of, Plaintiffs' claim against Sanare, and all claims arise from a common nucleus of operative facts.

## TIMELINESS OF REMOVAL

9. A notice of removal must be filed within 30 days after service. 28 U.S.C. § 1446(b)(1). Sanare Energy Partners, LLC was served with the Verified Petition on August 23, 2024; Greyhound Energy, LLC was served with the Verified Petition on August 23, 2024; and GOMEX Finance, LLC was served with the Verified Petition on August 26, 2024. The Verified Petition is the initial pleading setting forth the claim for relief upon which this action is based. Because Defendants file this Notice of Removal on September 20, 2024, less than 30 days after being served with the Verified Petition, this removal is timely.

10. The time for Defendants to answer, move, or otherwise plead with respect to the Verified Petition has not yet expired.

11. The time for Defendants to answer, move, or otherwise plead with respect to the Verified Petition has not yet expired.

## VENUE

12. Venue is proper because the United States District Court for the Southern District of Texas – Houston Division is the federal judicial district and division embracing the 164th Judicial District Court of Harris County, Texas, where this action was originally filed. *See* 28 U.S.C. § 1441(a).

## JOINDER AND CONSENT

13. Defendants, Sanare Energy Partners, LLC, Greyhound Energy, LLC, and GOMEX Finance, LLC, who have been properly joined and served with a copy of Plaintiff's Verified Petition, all join in removal. *See* 28 U.S.C. § 1446(b)(1).

5

## NOTICE TO PLAINTIFFS AND STATE COURT

14. Concurrent with the filing of this Notice of Removal, Defendants are serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 164th Judicial District Court of Harris County, Texas. *See* 28 U.S.C. § 1446(d).

## COMPLIANCE WITH LOCAL CIVIL RULE

15. Defendants have complied with Local Civil Rule 81 in all respects. This Notice of Removal reflects the style of the case exactly as it was styled in state court. Concurrent with the filing of this Notice of Removal, Defendants are furnishing the Clerk of Court for the United States District Court for the Southern District of Texas the information listed in subsections (1) – (6) of Local Civil Rule 81. *See* Exhibit B, Copy of Docket and All State-Court Filings; Exhibit C, Local Civil Rule 81 Index.

## RESERVATION OF RIGHTS

16. Defendants reserve their right to assert any defenses and objections to which they may be entitled.

## CONCLUSION

17. Based on the foregoing, the United States District Court for the Southern District of Texas has subject-matter jurisdiction over this action under the OCSLA, and the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated: September 20, 2024

    Respectfully submitted,

    */s/ Benjamin W. Kadden*
    Benjamin W. Kadden (La. Bar # 29927, TX# 24077542)
    Nicholas Pierce (TX Bar # 24098263)
    **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: bkadden@lawla.com
npierce@lawla.com

*Counsel for Greyhound Energy, LLC*

**JACKSON WALKER LLP**

*/s/ Richard A. Howell (w/ permission)*
Richard A. Howell
TBN: 24056674
Federal ID No.: 959050
Cameron A. Secord
TBN: 24093659
Federal ID No.: 3171374
1401 McKinney St., Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

-and –

J. Scott Rose
TBN: 17252800
Federal ID No.: 11676
1900 Broadway, Suite 1200
San Antonio, Texas 78215
Telephone: (210) 978-7700
Facsimile: (210) 978-7790

*Counsel for Sanare Energy Partners, LLC*

*/s/ Mark Youngjohn (w/ permission)*
Mark Youngjohn
Mark.youngjohn@phelps.com
TBN: 24028247
Federal ID No.: 431054
**PHELPS DUNBAR LLP**
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

*Counsel for Gomex Finance, LLC*

**CERTIFICATE OF SERVICE**

    I certify that on September 20, 2024, I served upon all counsel of record a true and correct copy of this Notice of Removal, along with the supporting documents and index, by filing them with the Court's CM/ECF system.

*/s/ Benjamin W. Kadden*
Benjamin W. Kadden
