**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANKOR ENERGY LLC, et al.** | * | **CASE NO. 4:24-cv-03552** |
| *Plaintiffs* | * | |
| **VERSUS** | * | **JUDGE KENNETH M. HOYT** |
| **SANARE ENERGY PARTNERS, LLC, et al.** | * | |
| *Defendants* | * | |

## PLAINTIFFS' RULE 26(a) INITIAL DISCLOSURES

Plaintiffs, ANKOR Energy LLC ("ANKOR"), ANKOR E&P Holdings Corporation ("AEPH"), and KNOC Eagle Ford Corporation ("KNOC"), pursuant to Fed R. Civ. P. 26(a)(1), submit the following initial disclosures. These initial disclosures are based upon information reasonably available to Plaintiffs at this time, and, as information is identified and developed through additional fact investigation and discovery, Plaintiffs reserve the right to amend or supplement these disclosures to the extent required by applicable law:

A. **Rule 26(a)(1)(A)(i) – Witnesses**

Plaintiffs identify the following individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses:

1. Byoung-Ky ("BK") Ahn
   ANKOR'S Vice President
   (Contact through undersigned counsel)

   Has knowledge of the operations of ANKOR on the Leases at issue.

2. Junghun Kang
   Chief Financial Officer for ANKOR
   (Contact through undersigned counsel)

    Has knowledge related to the accounting and billing practices for the decommissioning and operating expenses Sanare Energy Partners, LLC ("Sanare") failed to pay.

3. Ho Lim
   Plaintiffs' Treasury and Commercial Manager
   (Contact through undersigned counsel)

   Has knowledge of the Offshore Operating Agreement at issue, Plaintiffs' commercial relationship with Sanare, and related correspondence with Sanare.

4. One or more representatives of Defendant, Sanare
   (Contact through Sanare's counsel)

   Has knowledge related to Sanare's receipt of (and failure to pay) AFEs, JIBs, and other documents and correspondence from Plaintiffs in connection with the operating and decommissioning expenses made the subject of this litigation, the sales, exchanges, mortgages, and other transactions and contracts Sanare entered with the other Defendants, and the person(s) and entity(s) at Sanare making the decisions with respect to the foregoing.

5. One or more representatives of Defendant, Greyhound Energy LLC ("Greyhound")
   (Contact through Greyhound's counsel)

   Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts Greyhound entered with the other Defendants and the person(s) and entity(s) at Greyhound making the decisions with respect to the foregoing.

6. One or more representatives of Defendant, Gomex Finance, LLC ("Gomex")
   (Contact through Gomex's counsel)

   Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts Gomex entered with the other Defendants, and the person(s) and entity(s) at Gomex making the decisions with respect to the foregoing.

7. One or more representatives of Forward Path Energy, LLC
   (Contact information unknown at this time)

   Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts among the Defendants at issue in this litigation and related to the ownership, control, and decision-making authority of the Defendants.

8. Brian Macmillan
   Sanare's Senior Vice President – Land
   (Contact through Sanare counsel)

      Has knowledge of Plaintiffs' commercial relationship with Sanare, related correspondence with Sanare, Sanare's failure to pay Plaintiffs for Sanare's share of operating and decommissioning expenses, and related matters.

9. David Wiley
   (Contact information unknown at this time)

   Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts among the Defendants at issue in this litigation and related to the ownership, control, and decision-making authority of the Defendants.

10. John Dobbs
    CFO of Greyhound / Former VP of Corp. Development of Sanare
    (Contact through Greyhound's counsel)

    Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts among the Defendants at issue in this litigation and related to the ownership, control, and decision-making authority of the Defendants.

11. Charles Rougeau
    President and CEO of Greyhound / Former President and CEO of Sanare
    (Contact through Greyhound's counsel)

    Has knowledge related to the sales, exchanges, mortgages, and other transactions and contracts among the Defendants at issue in this litigation and related to the ownership, control, and decision-making authority of the Defendants.

12. Any witnesses called or listed by Defendants, any witnesses necessary for rebuttal or impeachment, any witnesses necessary for authentication of documents and/or any witnesses identified during discovery.

Plaintiffs reserve the right to supplement this list as discovery continues and as they identify additional witnesses they may utilize to support their claims and defenses in this case.

**B. Rule 26(a)(1)(A)(ii) – Documents**

Plaintiffs identify the following documents that they may use to support their claims against Defendants:

1. Lease No. OCS-G 00577 covering the West ½ of Block 208 in the Eugene Island Area of the Outer Continental Shelf ("OCS")

2. Lease No. OCS-G 13606 covering all of Block 379 in the Vermillion Area of the OCS

3. Offshore Operating Agreement (dated effective December 23, 2011) covering the Leases

4. Joint Interest Billing statements related to the operations at issue in this litigation

5. Any and all correspondence between Plaintiffs and Sanare regarding the operating and decommissioning expenses at issue in this litigation.

6. August 6, 2009 Abandonment Trust Agreement with Escrow among Pioneer Shelf Properties Incorporated, Northstar Offshore Energy Partners, LLC, and Wells Fargo Bank, National Association.

7. December 22, 2011 Assignment and Assumption of Abandonment Trust Agreement with Escrow.

8. August 1, 2017 Mortgage granted by Northstar Offshore Ventures, LLC in favor of The First National Bank of Central Texas ("FNBCT"), encumbering Lease No. OCS-G 4909 (covering the entirety of Block 64 in the Main Pass Area of the OCS).

9. August 7, 2019, Mortgage by Sanare mortgage to FNBCT adding Lease No. OCSG 5692, covering the entire block of Block 65 in the Main Pass Area of the OCS and Lease No. OCS-G 27070, covering the El/2; El/2Wl/2 of Block 229 in the Vermilion Area of the OCS.

10. April 16, 2020 Assignment of note and mortgages by FNBCT to Indemnity National Insurance Company ("INIC").

11. June 30, 2020, Assignment by INIC of its note and mortgages to Kewa Financial Inc. ("KEWA").

12. December 29, 2020, Assignment by KEWA of its note and mortgages to Forward Path.

13. December 13, 2022 (but backdated to purportedly be effective December 31, 2021), Assignment by Sanare of its interest in various leases, including the MP 64 Lease, the MP 65 Lease, and the VR 229 Lease, to Greyhound.

4

14. January 3, 2023, letter from Greyhound to BOEM seeking approval for the foregoing Assignment and the documents identified and/or enclosed in the letter.

15. BOEM qualification card for Greyhound.

16. Act of Mortgage, Security Agreement, Fixture Filing, Financial Statement and Assignment of Production dated September 6, 2022, executed by Sanare in favor of Gomex.

17. Correspondence among Defendants related to the transactions at issue in this litigation.

Upon information and belief, copies of the foregoing documents are already in the possession of one or more of the Defendants or otherwise located within the public records. Plaintiffs reserve the right to supplement this list as discovery continues and as they identify additional documents they may utilize to support their claims and defenses in this case.

### C. Rule 26(a)(1)(A)(iii) – Damages Computation

As set forth in the Complaint, Plaintiffs are seeking specific performance of Sanare's obligations under the OOA to pay its share of operating and decommissioning expenses incurred for the Leases; through June 2024, Sanare's share of such expenses totaled approximately $5,139,946.46. Sanare's share of a surety bond fee covering the Leases is $10,513.00. Through June 2024, Sanare has only paid $955,000.000 toward the foregoing expenses, leaving a total principal balance owed (through June 2024) of **$4,195,459.46.** This amount continues to increase as Plaintiffs incur additional operating and decommissioning expenses on the Leases.

Under the OOA, Sanare also owes interest on the unpaid principal amount at the "prime rate in effect at Chase Manhattan Bank on the first day of the month in which delinquency occurs plus 1% or the maximum contract rate permitted by the applicable usury laws of the jurisdiction in which the Joint Property is located, whichever is the lesser." The amount of interest continues to increase every day Sanare fails to pay the principal amount owed.

Under the OOA and applicable law, Sanare also owes Plaintiffs for the "attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts," which Plaintiffs have not yet calculated; these fees and costs continue to grow.

As provided for in the OOA, Plaintiffs also seek recovery of all "consequential damages" resulting from Sanare's breach of the OOA.

Plaintiffs expressly reserve their rights to amend or supplement these initial discloses, as necessary and appropriate, to further support their computation of damages. Nothing contained herein is a waiver of any claims, causes of action, or forms of recovery alleged, identified, or asserted in Plaintiffs' complaint, all of which are expressly reserved, including but not limited to Plaintiffs' claims against Greyhound and Gomex, which are not "damages" claims.

D. <u>Rule 26(a)(1)(A)(iv) – Insurance</u>

Not applicable.

With respect to further disclosures, Plaintiffs will comply with the Federal Rules of Civil Procedure, other applicable court rules and procedures, and any Court Orders.

Dated: November 7, 2024.

                                                Respectfully submitted,

                                                **LOOPER GOODWINE P.C.**

                                                By:<u>/s/ *Seth E. Bagwell*</u>
                                                Taylor P. Mouledoux
                                                TX Bar No. 24135787; SDTX ID No. 1581156
                                                Paul J. Goodwine
                                                LA Bar No. 23757; SDTX ID No. 437800
                                                Seth E. Bagwell
                                                LA Bar No. 33713 (*SDTX admission forthcoming*)
                                                650 Poydras Street, Suite 2400
                                                New Orleans, Louisiana 70130
                                                Telephone: (504) 503-1500
                                                Telecopier: (504) 503-1501
                                                tmouledoux@loopergoodwine.com
                                                pgoodwine@loopergoodwine.com

sbagwell@loopergoodwine.com

-and-

David A. Pluchinsky
TX Bar No. 16074400
1300 Post Oak Blvd., Suite 750
Houston, Texas 77056
Telephone: (713) 335-8600
Telecopier: (713) 335-8601
dpluchinsky@loopergoodwine.com

*Attorneys for ANKOR Energy LLC,*
*ANKOR E&P Holdings Corporation, and*
*KNOC Eagle Ford Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record for the parties via email on this 7th day of November, 2024.

/s/ *Seth E. Bagwell*
Seth E. Bagwell